French vs. Marsh and another.

FRENCH vs. MARSH, and another.

*Guaranty of collection — action on.*

1. Guaranty of the collection of a note to be void " if said note is collectible." *Held*, that to sustain an action on the guaranty it is not sufficient to show merely that the maker of the note was insolvent when it matured, and continued so to be, but the plaintiff must prove that due diligence has been used to collect the note *by action* commenced within a reasonable time after its maturity.
2. In an action founded wholly upon the guaranty, plaintiff could not recover moneys loaned *to* defendants as the consideration for such guaranty; especially where it does not appear that the fact of such loan was fully litigated or clearly proven.

APPEAL from the Circuit Court for *Kenosha* County.

Action upon a guaranty of the " collection of one-half a note given by S. Park Coon," the obligation to become void " if said note is collectible." The complaint alleges that the plaintiff and the defendants jointly advanced $1,000 to Coon, on the security of his note and mortgage, due in May, 1865, the plaintiff furnishing one-half, and the defendants one-half the amount;

that the defendants borrowed the amount advanced by them from a bank, giving their note for it, which he afterwards, at their request, paid and took up, they executing this guaranty to secure him for so doing; that when Coon's note became due, he was insolvent, and still remained so, and that the mortgage security had been exhausted by the foreclosure of a prior mortgage; that the note had never been collectible and was wholly unpaid, although plaintiff had used due diligence to collect it by process of law and otherwise.

The answer set up the following defenses: 1st. That the guaranty was without consideration. 2d. That the plaintiff had not prosecuted the debtor with due legal diligence. 3d. That one-half the note was collectible at its maturity.

The action was tried by Judge Lyon, then circuit judge, without a jury. It appeared in evidence that the Coon note and mortgage ran to the plaintiff alone, and were placed in the hands of the mutual agent of the parties, and remained there until April, 1869, when the note was delivered to the plaintiff, and he commenced a suit on it against Coon, and, having recovered judgment therein, issued execution, which was returned *nulla bona*. It also appeared that, previous to that time, several attempts were made by or on behalf of both parties to this suit to obtain further security, or to negotiate the Coon mortgage, but without avail; that Coon was insolvent at the time the note became due, and continued so to be; and that the mortgaged premises were sold on foreclosure of a prior mortgage for about their full value.

There was conflicting testimony as to whether the defendants loaned the $500 procured at the bank to Coon, or whether they loaned it to the plaintiff, to enable him to make out a loan of $1,000 to Coon, on his individual account.

The findings of the court are recited in the opinion. The plaintiff appeals from the judgment against him.

*Head & Quarles*, for appellant, contend that the judgment should be reversed, because the court did not pass upon the

issues raised as to the loan of $500 by plaintiff to defendants, and the collectibility of the guarantied note, citing R. S., ch. 132, sec. 19 ; *Hawkes v. Dodge County Ins. Co.*, 11 Wis., 188 ; and that the plaintiff was only bound to show that the note was not " capable of being collected," and might show that fact by any legal evidence. Proof of the insolvency of the principal debtor, and the extinguishment of the mortgage security, establishes it. *Marsh v. Day*, 18 Pick., 321 ; *Sanford v. Allen*, 1 Cush., 474 ; *Wheeler v. Lewis*, 11 Vt., 265 ; *Bull v. Bliss*, 30 id., 127 ; *McDoal v. Yeomans*, 8 Watts, 361 ; *Koch v. Melhorn*, 25 Pa. St., 89 ; *McClurg v. Fryer*, 15 id., 293 ; *Hoffman v. Bechtel*, 5 Am. Law Reg., 745 ; *Perkins v. Catlin*, 11 Conn., 213 ; *Gillighan v. Boardman*, 29 Me., 79 ; *Thompson v. Armstrong*, 1 Breese (Ill.), 48 ; *Wren v. Pierce*, 4 S. & M., 91. 2. If the prosecution of a suit is a condition precedent to the liability of the guarantor, notwithstanding the principal debtor's insolvency, what is due diligence in prosecuting it depends upon all the circumstances of the case. *Day v. Elmore*, 4 Wis., 193. The object of the rule is the protection of the guarantor ; and if he cannot be prejudiced by the delay, the reason of the rule and the rule itself ceases. Dissenting opinion of MASON, J., *Craig v. Parkis*, 40 N. Y., 181 ; *Gallagher v. White*, 31 Barb., 94. In this case, the guarantors being jointly interested in the note, and the delay in suing being occasioned by the agreement between them and the plaintiff, that it should be left in the hands of their mutual agent until collected, the plaintiff cannot be held responsible for it. 1 Chitty Pl., 357, and cases cited. 3. The evidence entitles the plaintiff to a judgment for the $500 loaned to the defendants.

*John T. Fish*, for respondent, contends that the diligent prosecution of Coon, by the usual legal remedies, and without effect, was a condition precedent to maintain an action on this guaranty, citing *Day v. Elmore*, 4 Wis., 190 ; *Dyer v. Gibson*, 16 id., 557 ; *Cumpston v. McNair*, 1 Wend., 457 ; *Burt v. Horner*, 5 Barb., 501 ; *Thomas v. Woods*. 4 Cow., 173 ; *Taylor*

*v. Bullen*, 6 id., 624; *Moakley v. Briggs*, 19 Johns., 69; *Eddy v. Stanton*, 21 Wend., 255; *Dwight v. Williams*, 4 McLean, 581; *Craig v. Parkis*, 40 N. Y., 183. The prosecution of Coon, who was a resident of the state, after four years' delay, was not due diligence. 2. A new trial will not be granted for a failure to find on all the issues presented. If the conclusion of law was correct, the facts found are immaterial; and, if the evidence sustains the judgment, it will not be reversed because the finding is erroneous. *Sandford v. McCreedy*, 28 Wis., 103. The testimony shows that Coon's note was collectible. It also shows that there was no consideration for the guaranty.

COLE, J. This is an action upon a contract of guaranty, which is in the following words: "For a valuable consideration to us in hand paid by *Alvin G. French*, we hereby guarantee the collection of one-half a note given by S. Park Coon to said *A. G. French* for the sum of one thousand dollars, which note bears date the 2d day of May, 1864, and is secured by a mortgage; and if said note is collectible, this obligation becomes null and void."

"Bristol, January 13, 1865.

This guaranty was signed by the defendants. The defense was, that the guaranty was without consideration, and that the plaintiff had failed to prosecute Coon, the original debtor, with due legal diligence. The action was tried by the court. The facts found were, that the defendants made the guaranty, and that the note, the collection of which was guaranteed, became due on the second day of May, 1865; that the plaintiff commenced an action against the original debtor on the note on the 9th day of April, 1869; and that, under all the circumstances, this was not a diligent prosecution of Coon to collect the note. And as a conclusion of law the court held, that the diligent prosecution of Coon on the note by the usual legal remedies without effect was a condition precedent to the right to maintain an action on the guaranty against the defendants, and that

as the plaintiff did not prosecute his action against Coon upon the note diligently, but was guilty of negligence in that respect, he could not recover on the guaranty.

It is now insisted, upon the part of the plaintiff, that this conclusion of law is erroneous, because it is claimed that the evidence abundantly showed that the principal debtor was, when the note matured, hopelessly insolvent, and has so remained, so that nothing could possibly be collected by an action against him. So that the simple question is presented — assuming the fact of Coon's insolvency to have been established — whether this excused the plaintiff for not commencing a suit against him and prosecuting the same to judgment and execution, within a reasonable time after the 2d day of May, 1865, when the note became due. And upon this question there is a great conflict of opinion in the adjudged cases, and upon the point as to what is the proper construction of such a guaranty. Some of the authorities hold that it is implied by the contract that the creditor should commence his suit against the principal debtor within a reasonable time after the debt falls due, and should prosecute the same to final judgment and execution, and that this is a condition precedent to his right to recover against the guarantor; while others hold that the guaranty merely imports a promise to pay if recompense cannot be obtained of the principal debtor, and that when it appears that such debtor is utterly insolvent when the debt falls due, and that an action against him would be entirely fruitless, then no suit is requisite to make the guarantor liable.

The former view of the true terms of the contract is the one adopted by the courts of New York, and this court has approved of those decisions as laying down the better rule upon this subject. *Day v. Elmore*, 4 Wis., 190 ; and *Dyer v. Gibson*, 16 id., 557. We are therefore disposed to hold — adopting the language of the majority opinion in *Craig v. Parkis*, 40 N. Y., 181— that " when a creditor agrees with a surety for his debtor that

he will commence a suit against such debtor within a reasonable time after the debt falls due, and, in default thereof, that the surety shall be released, it is a condition precedent to his right of action against the guarantor, that such suit shall not only be so commenced, but that it shall be carried to consummation. The plaintiff had no right to determine on his own responsibility whether the debt was collectible. That was a question which the defendant had made it incumbent on him to ascertain, by recourse to the ordinary rules provided by the law for the collection of debts," pp. 186 and 187. It is objected that this rule, which requires the principal debtor to be prosecuted to judgment and execution with all diligence, imposes upon the creditor the doing of a vain and idle thing where the principal debtor is insolvent and has no property out of which anything could be collected. But this objection does not remove the real difficulty presented by the failure of the creditor to resort to legal proceedings against the principal debtor, within a reasonable time after the debt falls due, in order to render the guarantor liable on his undertaking. The real question is, Does the guarantor only undertake to pay when it is ascertained that the debt cannot be collected by due course of law out of the principal debtor? If this is the nature and condition of his contract, then the creditor must comply with it or the surety will be discharged. It is obvious that the whole discussion turns upon the interpretation of the contract. And, if the contract be that the creditor shall exercise proper diligence to collect of the principal debtor by due course of law, and if this is a condition precedent to the right of action against the surety, then the creditor must comply with this condition. In this case there would not seem to be room for doubt that the plaintiff was guilty of negligence by failing for so long a time to commence his action against Coon. It was nearly four years after the debt became due before an action was commenced upon the note. It is idle to contend that this was a diligent prosecution of an action against Coon, if legal proceed-

ings against him were necessary to render the defendants liable, as we have intimated they were.

But it is further insisted by the counsel for the plaintiff that, though the action cannot be maintained upon the guaranty, still, upon the evidence, the plaintiff was entitled to judgment for $500 loaned and advanced to the defendants January 13th, 1865. It is obvious that this action was brought upon the written guaranty, and not for money loaned and advanced by the plaintiff to the defendants. If it were proper under the circumstances to go into the inquiry, it would be very difficult to say upon the evidence that the plaintiff had established a cause of action on that ground. But the case is disposed of on the ground on which the plaintiff stated his action in the complaint.

*By the Court.*— The judgment of the circuit court is affirmed. LYON, J., took no part in the decision of this case.