McFarlane vs. The City of Milwaukee.

McFARLANE vs. THE CITY OF MILWAUKEE.

*March 25 — April 19, 1881.*

*Charter of Milwaukee: Liability of city for injuries from defect in street.*

1. The charter of Milwaukee of 1874 provides that, in case of an injury to
person or property in that city caused by any defect or incumbrance in a
street, if such defect or incumbrance arises from the wrong, default or
negligence of any person other than the city, such person " shall be
primarily liable for all damages for such injury; and the city shall not
be liable therefor until after all legal remedies shall have been exhausted
to collect such damages " from such other person. *Held*, that a com-
plaint which shows that no action against the party primarily liable
was commenced until five and a half years after the injury, and states
no facts to explain the delay, or to show that the city, if held liable,
would be injured by such delay, fails to state a cause of action against
the city.

2. Whether, if the action against the person primarily liable were prosecuted
with due diligence, the time of its pendency would be excluded in com-
puting the statutory limit of the right of action against the city, not
considered.

APPEAL from the County Court of *Milwaukee* County.
Action to recover damages for the neglect of the defendant
city to keep one of its streets in repair, by reason whereof the
plaintiff, while passing along such street, was thrown from his
carriage and greatly injured. The action was commenced in
May, 1880, and it appears from the complaint that the injury
was received on the 5th of April, 1874. The defendant city
demurred to the complaint, on the grounds, 1. That it did not
state facts sufficient to constitute a cause of action. 2. That
the action was not commenced within the time limited by law.
From an order sustaining the demurrer, the plaintiff appealed.

For the appellant there were briefs by *Thompson & Clark*,
and oral argument by *Mr. Thompson.*

*J. R. Brigham*, City Attorney, for the respondent.

TAYLOR, J. This action was commenced under the provisions
of section 1, subch. VII, ch. 184, Laws of 1874, which reads as
follows:

" Section 1. Whenever any injury shall happen to persons
or property in said city of Milwaukee, by reason of any defect
or incumbrance of any street, sidewalk, alley or public ground,
or from any other cause for which the said city would be liable,
and such defect, incumbrance or other cause of such injury
shall arise from or be produced by the wrong, default or negli-
gence of any person or corporation, such person or corporation
so guilty of such wrong, default or negligence, *shall be pri-
marily liable for all damages for such injury; and the said
city shall not be liable therefor until after all legal remedies
shall have been exhausted to collect such damages from such
person or corporation."*

The allegations of the complaint show that the injury com-
plained of in this case was caused by the negligence and de-
fault of one Leander Comstock, who placed the obstruction in
the street which caused the injury to the plaintiff; that such
obstruction was so placed by said Comstock without the per-

McFarlane vs. The City of Milwaukee.

mission of the said city; and that at the time of placing it there said Comstock held no contract relation with the city in the performance of which he placed the same therein; so that the case is taken out of the decisions of this court in *Hincks v. Milwaukee*, 46 Wis., 559–565, and *Hundhausen v. Bond*, 36 Wis., 30. The allegations of the complaint clearly bring the plaintiff's case within the provisions of section 1 above cited. They also show that this action was not commenced within six years after the injury was received, but was commenced within six years after obtaining judgment against said Comstock and the return of the execution unsatisfied in that action. The demurrer raises two questions: *first*, whether, notwithstanding the provisions of said section 1, the action must be brought against the city within six years after the injury was sustained by the plaintiff; and *second*, whether the complaint must show that the plaintiff has used due diligence in the commencement and prosecution of his action against the person who is made primarily liable for the damages under said action.

After giving the statute a careful consideration, we have come to the conclusion that the act was passed for the purpose of relieving the city as far as possible, with justice to the injured party, from liability for injuries occasioned by obstructions unlawfully placed in its streets by persons for whose acts it is not directly responsible, and, whenever the person injured can, by the use of the remedies furnished him by the law, recover his damages of the party primarily in fault, and therefore primarily liable, from all liability whatsoever. This being the object of the act, it is the duty of the courts to construe it so as to reasonably accomplish that purpose. We must therefore hold that the person injured must not only prosecute his action to judgment against the original wrongdoër, but must also use reasonable diligence in prosecuting such action, in order to render the city ultimately liable to him for his damages. Under this rule the complaint is defective, and

does not state facts sufficient to constitute a cause of action. It shows that the action against the person primarily liable for the damages was not commenced until five years and six months after the cause of action accrued, without showing any reason for, or in any way excusing, such delay. This, we think, under all the analogies of the law, shows affirmatively a want of reasonable diligence in pursuing his remedy against the original wrongdoer. A construction of the law which would allow the injured party to lie by until the statute of limitations had about run against the original wrongdoer, without commencing an action, and without any excuse therefor, would or might entirely defeat the object of the law. If the plaintiff is under no obligation to use any diligence except to commence his action before the statute of limitations has run in favor of the original wrongdoer, the city might, in many cases, lose all the benefits which were intended to be conferred by the statute. The person primarily liable might be abundantly able to respond to the plaintiff in damages if prosecuted promptly, but be entirely unable to pay a dollar after a delay of five or six years.

The law places the city in the position of a guarantor of the collection of the plaintiff's damages from the original wrongdoer. It expressly says the city shall not be liable until after all legal remedies shall be exhausted to collect such damages of the wrongdoer. This is exactly what the law requires shall be done by the person holding a claim which a third person has guarantied the collection of. The statute in this case has made the city only liable when the damages cannot be collected of the person primarily liable for the injury, after all legal remedies have been exhausted against him. A party cannot be said to have exhausted all legal remedies against the person primarily liable, unless he prosecutes his action with due diligence. The necessity of diligence on the part of the plaintiff in prosecuting his remedy against such person, before resorting to the city, does not depend upon the question whether the

city is held liable ultimately as a wrongdoer for its negligence in not removing the unlawful obstruction. In the case of a guaranty of the collection of a debt, the guarantor is held liable only upon his contract of guaranty, and not as party to the original contract. But the liability of the city for the damages in any case is a statutory liability, and the present statute, by way of amendment, having made the city liable only as a guarantor of the collectibility of the damages from the wrong-doer, it is wholly immaterial that the city is ultimately held liable on account of its negligence. The statute having provided that such liability shall not be enforced against the city until all legal remedies have been exhausted against the other wrongdoer, the same rule which applies to the guarantor of the collectibility of a debt should apply to the city. If, notwithstanding the plaintiff has failed in prosecuting his action with due diligence against the original wrongdoer, he may still recover against the city, he must, in order to hold the city liable, show that such want of diligence has not in any way prejudiced the rights of the city. Whether a mere want of diligence in the prosecution of his action against the original wrongdoer would in all cases be a defense to the action against the city, irrespective of the question of any injury which the city may have sustained by the delay, need not be determined in this case.

The long delay shown in this case, without any excuse therefor, raises a legal presumption of injury to the defendant, and the proof of all the facts stated in the complaint would not entitle the plaintiff to judgment. It is urged by the learned counsel for the appellant, that because the city is liable for its neglect in not removing the obstruction in its streets, therefore it stands in the relation of a guarantor of the payment of the damages, rather than as a guarantor of the collection of the damages of the original wrong doer; but this view of the question we think cannot be sustained upon the language of the statute. The statute does not make the city liable for the

payment of the damages absolutely, but only in case they cannot be collected of the original wrongdoers, and compels the plaintiff to exhaust his remedies against them first before resorting to the city at all. This is exactly what is required to be done by the person who holds a guaranty of collection, and we think the same rule as to diligence should be applied to this case which is applied in the case of a guaranty of the collection of a debt. The statute which requires the plaintiff to exhaust his legal remedies against the original wrongdoer must be construed to mean that he shall proceed with at least reasonable diligence. Any other construction would tend to defeat the object of the statute. This court has in several cases decided that mere delay to prosecute by the person holding a guaranty of the collection of a debt does not discharge the guarantor; but where such delay is for a long time, two years or more, unexplained, it will discharge him. See *Day v. Elmore*, 4 Wis., 190; *Dyer v. Gibson*, 16 Wis., 557; *French v. Marsh*, 29 Wis., 649; *Craig v. Parkis*, 40 N. Y., 181. The delay in this case of five and a half years, without any explanation, is clear evidence that the plaintiff has not prosecuted his action against the person primarily liable with reasonable diligence. His complaint is therefore defective in its statement of facts. The complaint being bad for this reason, it is unnecessary to determine in this case whether the time which elapses whilst the plaintiff is prosecuting his action against the person primarily liable for the wrong, if prosecuted with due diligence, shall be deducted from the six years within which the statute requires an action of this kind to be commenced, or whether the action must be commenced against the city within the six years, notwithstanding the direction that the action must be first prosecuted to judgment and execution against the wrongdoer, or whether some other rule will be held applicable to a case of this kind.

*By the Court.*— The order of the county court is affirmed, and the cause remanded for further proceedings according to law.