THE CHATHAM NATIONAL BANK of New York, Respondent, v. JAMES H. PRATT, Appellant.

Defendant, in April, 1885, for the stated purpose of giving W. credit with plaintiff, executed to it a guaranty of collection of all "checks, drafts and promissory notes," upon which W. was then or should thereafter be liable to it "as maker, indorser," etc. Plaintiff held at the time a demand note indorsed by P. In an action upon the guaranty these facts appear: Plaintiff's president, in the latter part of 1885, informed defendant that it was taking no proceedings to collect the note, but was endeavoring to obtain payment of this and other indebtedness, from W., that this would take a long time and advised that it would be unwise and injudicious in defendant's interest if more was done toward pressing payment. Defendant approved this course. Plaintiff continued to press payment, but not succeeding, on July 17, 1886, wrote to W.; that unless the note was paid before 3 P. M. it would "proceed to measures for collection." W. was then in plaintiff's city and could have been served with process; it was not served until November twenty-nine. An answer to the complaint was served January 7, 1887; on April eighth plaintiff's attorney moved to dismiss the answer as frivolous and for judgment. The answer was withdrawn and on April

fifteen judgment was entered. *Held,* that as matter of law plaintiff did not exercise due diligence; and that a submission of the question to the jury was error.

(Argued June 16, 1892; decided October 11, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department entered upon an order made November 18, 1891, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. Ellery Anderson* for appellant. Defendant's guarantee was simply an undertaking on the part of James H. Pratt that the obligations of William T. Pratt would be paid if prosecuted with reasonable diligence. (*Craig* v. *Parkis,* 40 N. Y. 181; *N. Ins. Co.* v. *Wright,* 76 id. 445; *S. S. N. Bank* v. *Sloan,* 57 Hun, 267, 270.) The excuse offered by the plaintiff for its failure to take proceedings on the Keystone note does not relieve it from the consequences of its delay after July 17, 1886. (*Craig* v. *Parkis,* 40 N. Y. 181; *Mead* v. *Parker,* 111 id. 259, 262; *Wright* v. *Bank of the Metropolis,* 110 id. 249.)

*Daniel P. Hays* for respondent. Evidence that a delay in the prosecution of the claim was with the acquiescence of the guarantor is competent as showing a waiver by the guarantor of his strict right to take advantage of the creditor's indulgence to avoid the guaranty. (*Mead* v. *Parker,* 111 N. Y. 259.) Waiver of a forfeiture or of any other strict right is a proper defense to a claim made under the forfeiture. (*Homer* v. *M. L. Ins. Co.,* 67 N. Y. 478; *Chester* v. *Bank of Kingston,* 16 id. 338.) Declarations of a principal made during the transaction of the business for which the surety is bound so as to become part of the *res gestæ,* are competent as against the principal. (*Hatch* v. *Elkin,* 65 N. Y. 496; *H. M. Co.* v. *Farrington,* 16 Hun, 591; *Ayer* v. *Getty,* 11 N. Y. S. R. 303.)

PECKHAM, J.   This action is brought on the following guaranty signed by the defendant:

"NEW YORK, *April* 25, 1885.

"For value received and for the purpose of giving William T. Pratt credit at the Chatham National Bank of New York, I hereby guaranty the collection of all checks, drafts and promissory notes upon which said William T. Pratt is now or hereafter shall be liable to said bank as maker, indorser, drawer or acceptor, to an amount not exceeding ten thousand dollars, hereby waiving demand and notice of non-payment thereof.

"JAMES H. PRATT."

At the time when this guaranty was executed, there was in the possession of and owned by the plaintiff a promissory note made by the Keystone School and Church Furniture Company for ten thousand dollars, payable on demand to the order of William T. Pratt and indorsed by him and by a firm of Baker, Pratt & Co., and delivered to plaintiff.   The note was dated January 28, 1881, and had been discounted by plaintiff at the request of William T. Pratt.

The guaranty was delivered by James H. Pratt at about the time it bears date and while the promissory note above described was held and owned by plaintiff.   The William T. Pratt above spoken of was a member of the firm of Baker, Pratt & Co., which firm was also largely indebted to the plaintiff at this time and so continued to be for some period subsequent to July, 1886.   It is not material in our view to enter upon an examination of the subject of the indebtedness of this firm or to refer particularly to the guaranty against loss which the plaintiff had for that indebtedness.   This action is not brought upon any guaranty in connection with the firm indebtedness, but is brought solely by reason of the demand note above alluded to and because of its nonpayment by the indorser, William T. Pratt.

The plaintiff did not commence an action against William T. Pratt on that note until the 29th of November, 1886, more than a year and a half after the execution of the guaranty, and

obtained judgment against him April 15, 1887. Execution upon the judgment was issued upon the last-named day and returned wholly unsatisfied.

Did it proceed with due and reasonable diligence?

As this guaranty was executed for the express purpose of giving William T. Pratt credit at the bank, and as it referred to notes upon which he was already liable, as well as those upon which he might thereafter become liable, we may assume that the guaranty was intended to be of some benefit to William as to liabilities already incurred, and that in order to hold the guarantor it was not necessary that plaintiff should at once commence legal proceedings to collect the amount of this ten thousand dollar note from William.

The period, however, which did elapse before any proceedings were taken, if unexplained, went far beyond the utmost limit which a very liberal construction of the obligation of plaintiff would permit. The plaintiff endeavored to discharge the burden of explaining this long delay. The president of the bank was sworn as a witness upon the trial, and testified to an interview which he alleged he had with the defendant some time in the latter part of 1885, and in which he informed the defendant that the bank was taking no proceedings towards collecting the note in question, but was endeavoring to obtain from William and his firm payments on their indebtedness as fast as possible, and that it would probably take a long time, and that it would be injudicious and unwise in the interest of the defendant, as well as the others, if the bank should do any more than was being done towards pressing payment. The president further testified that the defendant approved the course taken by the bank, and said it was the correct one and in the interest of all parties concerned. The defendant denied absolutely any such conversation, but in the light in which the case was sent to the jury and of the verdict rendered, we must take it that this evidence of the president was adopted as the truth of the case.

During the following winter and spring (of 1886) the position continued about the same, the bank continuing to press

the claims against William and his firm, but not succeeding in obtaining payment so far as the demand note was concerned. At length it appeared that the bank itself recognized the fact that all reasonable time had elapsed in which efforts to obtain payment of this note other than by suit had expired. We entirely agree with that opinion. On the 17th day of July, 1886, fifteen months almost from the time when the guaranty was given, the president of the bank sent this letter to William T. Pratt:

"DEAR SIR — I am without any response to call made on you to pay your·loan of $10,000. Unless attended to to-day before 3 P. M. we shall notify the guarantor and proceed to measures for collection.

"Respectfully,

"G. M. HARD, Pt."

It is not denied this letter referred to the demand note, and that the guarantor was the defendant. The indorser of the note, William T. Pratt, was in New York, and could have been served at any time with process. None was served upon him until November twenty-nine following, and from plaintiff's evidence it does not appear that Mr. Pratt took any special notice of the letter addressed to him by the president, although the latter says he undoubtedly saw William between July and September.

There is an absolute and total failure to furnish any reason or explanation for this omission to commence suit against William from July seventeen to November twenty-nine. It was known, of course, that William was in financial difficulties and that he was not paying his liabilities punctually and as they matured. The letter of the president above set forth shows that he then thought summary measures were needful to collect the note, yet no reason is given, no explanation vouchsafed for this strange and, under the circumstances, most unusual and improper delay.

After process was at length served on William, an answer was interposed for his co-defendant by an attorney on the 7th of January, 1887. From that time until April eighth not

a step appears to have been taken, but on that day the attorney for the plaintiff awoke to the fact that the answer was frivolous, and, therefore, noticed a motion for judgment, and before the motion was heard the answer was withdrawn, and on the same day, April 15, 1887, judgment was entered. Nine months were thus consumed after the plaintiff, by its own admission, assumed there was a necessity for legal proceedings, in obtaining judgment upon a promissory note to which there was no defense, four months before the commencement of the action and nearly five months thereafter. No explanation or excuse is even suggested for this omission to make any move in the suit after the service of the answer, January seventh, until April 8, 1887.

A frivolous answer has been stated to be one which upon mere inspection and without argument the court can see sets up no defense. If it require argument and some examination to detect its insufficiency it is not frivolous, although it might be held bad on demurrer. The attorney for the defendant who put in the answer confessed by his action there was no defense to a motion for judgment on account of the frivolousness of his pleading.

The learned trial judge left the question to the jury to say whether upon the whole evidence there had been a due and reasonable prosecution of the debtor. The counsel for the defendant excepted to this course and duly moved for a nonsuit, which was denied and an exception taken. If upon the evidence in the case this question were one for the jury, the defendant is concluded by the verdict, but if it were one for the court, we have a right to review the decision of the learned courts upon the question. At this very term we have had occasion to examine the point as to when a question of this nature is one for the court and when it is for the jury to decide under instructions from the court. (*Salt Springs National Bank of Syracuse* v. *Sloan.*)*

It is unnecessary to again go over that ground. It is enough to say that in this case we think the question was solely

_____

*Ante,* page 371.

one of law. The case is barren of any fact occurring subsequent to July 17, 1886, up to the entry of judgment in April, 1887, upon which any justification or excuse can be founded for the otherwise plain failure to commence an action with due diligence, or to prosecute it therewith after it was commenced. While we do not say that after an action has been commenced each step in the prosecution thereof must be taken with the greatest possible diligence and that the attorney who has charge of it must resort to all the known means by which its prosecution might in any event be quickened, we do say that this case is plainly one where no due diligence was exhibited at any time before the 8th of April, 1887.

In the absence of any explanation it is not due diligence to permit a frivolous answer to an ordinary action on a promissory note against a debtor in failing circumstances to remain on the record for three months, during which time not a step of any nature is taken in the action. And, unexplained, it is not due diligence in the commencement of an action to wait over four months after the time when the necessity for its commencement has arisen, before issuing process against, and serving it upon a failing debtor in the same city, whose whereabouts are known and who is not concealing himself to avoid process.

Such facts being given, the inference of a lack of diligence is one which ought as matter of law to flow therefrom, and no jury should be permitted in that case to absolve a plaintiff from the effect of his own unexplained and unexcused neglect.

The difference between the facts of this case and those which are set forth in the case above cited, is so great that the most careless can see and appreciate it, and can, therefore, account for the difference in the results arrived at.

In this case we think the courts below erred in leaving the question of due diligence to the jury, and the judgment should, therefore, be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.