McIntyre, Respondent, vs. McGovern and another, Appellants.

*November 15—December 9, 1924.*

*Guaranty of collection: When guarantor is liable: Exhausting legal remedies against guarantee as condition precedent: Receivership proceedings as substitute for action.*

1. A guarantor of collection agrees to pay the debt upon the condition that the guarantee shall diligently prosecute the principal debtor without avail, using the ordinary legal means to that end, and exhausting any security that he may have before proceeding against the guarantor; and liability on the part of the guarantor arises only when the creditor has exhausted his legal means of collecting the debt.  p. 291.
2. An action cannot be maintained against the guarantors of collection of a note upon an allegation that the original debtor is insolvent and that only a small per cent. of the claim would be recovered in receivership proceedings already instituted; such proceedings being a substitute for an action at law, the relief must be pursued to the end before the guarantor is liable.  p. 292.
3. Where the guarantee filed his claim with the receiver for the original debtor, the winding up of such proceeding will constitute evidence equivalent to the return of an execution *nulla bona,* as a basis for an action against the guarantor.  p. 293.

Appeal from an order of the circuit court for Milwaukee county: Walter Schinz, Circuit Judge. *Reversed.*

*H. K. Curtis* of Milwaukee, for the appellants.

For the respondent the cause was submitted on the brief of *Alexander & Burke* of Milwaukee.

OWEN, J.   This action was brought by the payee against the guarantors of collection of a certain note.   The complaint alleges, among other things, that before said note became due, two actions, in one of which one of the defendants herein was plaintiff, were commenced in the circuit court for Milwaukee county for the purpose of obtaining the appointment of a receiver for the maker of said note; that said actions were consolidated and a receiver for the maker of said note was appointed, and that all of the assets of the maker of said note were vested in the receiver; that as a result of said actions an order was entered restraining the creditors of the maker of said note, including this plaintiff, from starting any action or commencing any proceeding against the maker of said note, except that said creditors might file their respective claims in said receivership proceedings; that plaintiff has filed his claim against the maker of said note in said receivership proceedings and that no hearing has yet been had on said claim.   The complaint further alleges that the maker of said note is insolvent; that his principal assets were recently sold at receivership sale and there was not sufficient money realized from said sale to pay the incumbrances against said assets, and that the unsecured creditors will receive nothing on their respective claims; that because of such receivership proceedings the plaintiff is unable to obtain any judgment against the maker of said note and to have an execution issued and returned unsatisfied.   The complaint further alleges that if judgment is awarded against the defendants and they pay said judgment, the plaintiff is ready and willing to assign the said note and any and all dividends that may hereafter be declared in the receivership proceedings to the said defendants. The defendants demurred to the said complaint.   The demurrer was overruled and the defendants appeal.

The demurrer should have been sustained.   A guarantor of collection agrees to pay the debt upon the condition that the guarantee shall diligently prosecute the principal debtor with-

out avail, using the ordinary legal means to that end, and exhausting any security that he may have before proceeding against the guarantor. *Gelty v. Schantz,* 101 Wis. 229, 77 N. W. 191, and cases there cited. See, also, *Dyer v. Gibson,* 16 Wis. 557; *French v. Marsh,* 29 Wis. 649; *Cottrell v. New London F. Co.* 94 Wis. 176, 68 N. W. 874. It is sometimes said that before the guarantee may sue the guarantors of collection it is necessary for him to secure a judgment against the original debtor and procure the return of an execution unsatisfied. This is not a statement of the substantive rule. It is rather a statement of the evidence, which a court under ordinary circumstances will accept, of the fact that the ordinary legal remedies for the collection of the debt against the principal debtor have been exhausted. The lower court evidently overruled the demurrer because under the circumstances plaintiff was unable to obtain a judgment against the principal debtor and procure a return of an execution unsatisfied. While it is true that plaintiff is restrained from commencing the ordinary action against the principal debtor, it is also true that other legal remedies are made available to him. He is not only permitted, but he has filed his claim upon the note in the receivership proceedings against the principal maker. In due course he will obtain a judgment on said note in the receivership proceedings, and what proportion of the note, if any, he will be unable to collect from the principal maker will be known only when the final dividend is declared in the receivership proceedings.

It appearing that the plaintiff has not exhausted the legal remedies which are available to him against the principal debtor, it remains to be considered whether he is excused therefrom by virtue of the allegation of the complaint that because of the insolvency of the principal the unsecured creditors will receive nothing upon their respective claims against him, upon the theory that the law does not require the performance of a mere idle ceremony. It is held in some (perhaps most) jurisdictions that if the principal

debtor is so utterly insolvent that an action against him would be fruitless, the holder of the guaranty is not obliged to institute legal proceedings against the principal debtor before resorting to a suit on the guaranty of collection. See note in 64 Am. St. Rep. 393, at p. 398; 26 Am. Law Reg. 137; 21 Cent. Law Jour. 406. This court, however, early refused to sanction this rule (*French v. Marsh,* 29 Wis. 649), and adopted the rule that the creditor should exhaust his legal remedies against the principal debtor before he would be permitted to proceed against the guarantors of collection. This rule has been steadily adhered to, as will be observed by the authorities above cited. That rule applies here. If the allegation of utter insolvency on the part of the principal debtor will not relieve the creditors from proceeding to judgment against the principal debtor under ordinary circumstances, there is no reason why he should be relieved from exhausting his remedies in the receivership proceedings because of the allegation made on information and belief that the unsecured creditors will receive nothing as a result of those proceedings. The liability of the guarantor of collection arises only when the creditor has exhausted his legal means of collecting the debt. In the ordinary case the return of an execution *nulla bona* is accepted as satisfactory evidence that such means have been exhausted. Under the circumstances here presented, the winding up of the receivership proceedings will constitute evidence equivalent to the return of an execution unsatisfied, until which time the liability of the guarantors of collection does not arise.

It follows that the complaint discloses that at the time of the commencement of the action the liability of defendants as guarantors of collection had not accrued, and the demurrer to the complaint should have been sustained.

*By the Court.*—Order reversed, and cause remanded with directions to sustain the demurrer to the complaint.