WESTBORO LUMBER COMPANY, Respondent, vs. SCHWEN-KER, Commissioner of Banking, Intervener, Appellant.
WESTBORO LUMBER COMPANY, Respondent, vs. SCHWEN-KER, Commissioner of Banking, Appellant.

*June 5—June 24, 1929.*

352

354

For the appellant there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *Walter F. Kaye*.

*E. H. Schweppe* of Medford, for the respondent.

FOWLER, J. 1. The respondent contends that the judgment and order appealed from should be affirmed because under sec. 269.46, Stats., the circuit court was without power to open the foreclosure judgment and permit a defense after

one year from the time the bank had notice of the entry of the judgment of foreclosure, and that the cashier of the bank, and hence the bank itself, had notice of the judgment when he saw the advertisement of the sale of the land in the foreclosure judgment.

The affidavits presented in behalf of the petition to vacate the judgment and permit the commissioner to defend were to the effect that neither the bank nor any of its officers had notice of the rendition of the judgment until July, 1927. In reply to this there was an affidavit that the summons was served on the bank's cashier, and the record of the case showed such service, but none that the bank or its cashier had notice of the judgment. Upon these affidavits and the answer filed in connection with them, the circuit judge ruled that he would hear the case on the merits, and on February 23, 1928, signed an order for a trial of the case. This granted the defendant's petition and in effect vacated the foreclosure judgment although it in terms continued it in force. The granting of the relief is in the discretion of the court, and we cannot say the determination to try the case on the merits was an abuse of discretion.

2. The findings of the trial court that there was no fraud or duress and that the agreement of guaranty was as expressed on the note itself seem to us supported by the evidence and no good purpose would be served by stating the evidence. The counterclaim for damages falls with the finding of no fraud.

3. The contention of defendants that the acceleration clause in the mortgage does not operate to accelerate the due date of the note and that there can be no deficiency judgment because there is no liability at law on the note itself, is not entirely without support but is contrary to the great weight of authority. The cases of *Winne v. Lahart,* 155 Minn. 307, 193 N. W. 587, and *Baird v. Meyer,* 55 N. Dak. 930, 215 N. W. 542, support the proposition. The *Winne*

*Case* is annotated in 34 A. L. R. 848, and cases in federal and thirteen state courts are there cited to the contrary. The theory of the cases given in the A. L. R. note is, generally speaking, that although the note and mortgage are different instruments, they are to be construed together as constituting a single contract. The case of *Schoonmaker v. Taylor,* 14 Wis. 313, holds that they should be so construed, and upheld a complaint for foreclosure alleging that the whole debt was due by reason of an acceleration clause in the mortgage. There is no reference to a judgment for deficiency in the opinion in that case or in the printed case or briefs on file, so it does not appear that the matter of personal liability at law or for a deficiency was passed upon. Here there can be no doubt that it was the intention of the parties to the note and mortgage that the mortgage provision accelerated the due date of the note as well as of the mortgage, for the provision is that action at law for the whole amount or action for foreclosure might be brought at option of the mortgagee on default of any interest payment.

4. The contention that the bank had no authority to guarantee payment of the note would be correct if the bank had guaranteed the note for accommodation or without consideration. But the bank received the full face of the note on sale of it to the plaintiff. A bank has power to negotiate and indorse negotiable instruments (7 Corp. Jur. p. 594, § 235) and to guarantee such instruments as an incident to their sale (Id. pp. 595, 596, § 239). Sec. 221.04, Stats., provides that a bank has power "to make contracts necessary and proper to effect its purpose and conduct its business." Execution of this guaranty was so necessary because the plaintiff would not buy the note and mortgage without the guaranty. And sub. (f) of the same section provides that a bank has power "to exercise . . . by its duly authorized agents, subject to law, all such incidental powers as shall be usual and necessary to carry on the business of banking, by

buying, discounting, and negotiating promissory notes," etc. *American Exp. Co. v. Citizens State Bank,* 181 Wis. 172, 194 N. W. 427.

5. To the contention that the court was without power to render a judgment of deficiency because the bank was not personally liable for the debt "upon the same contract which the mortgage was given to secure," it is only necessary to say that the contrary is ruled by the case of *Halbach v. Trester,* 102 Wis. 530, 78 N. W. 759, in which a subsequent indorser of a mortgage note was held liable to a deficiency judgment. The same rule would apply in case of a guaranty indorsed upon the note as in case of any other form of indorsement. The case of *Stellmacher v. Union M. L. Co.* 195 Wis. 635, 219 N. W. 343, is cited by defendants in support of their contention, but the guaranty in that case was of collection, not of payment as here, and the two contracts are materially different.

6. This brings us to another claim by defendants that a guarantor is not liable until judgment has been secured against the maker and the remedy against him exhausted. This is not the rule as to a guarantor of payment as distinguished from collection. "The guarantor [of payment] becomes liable immediately upon default of the principal without any steps being taken by the guarantee to enforce the obligation against the principal," and regardless of the solvency or insolvency of the debtor. 28 Corp. Jur. p. 950, § 97, p. 972, § 125. The guarantor of collection agrees to pay the debt on condition that the guarantee shall diligently prosecute the principal debtor without avail, and the guarantor's liability arises only when the creditor has exhausted his legal means of collecting the debt. *McIntyre v. McGovern,* 185 Wis. 290, 201 N. W. 259.

7. Appellants also urge that the judgment for deficiency should not have been entered because the plaintiff did not give notice of his election to declare the principal sum due

on default of payment of interest. If the point had been originally urged in defense it no doubt would have been sustained. But that notice of election must be given before suit is brought is a rule of equity merely. *Julien v. Model B., L. & I. Asso.* 116 Wis. 79, 92 N. W. 561. It is contrary to the rule in other jurisdictions and should not be applied when it would be inequitable to apply it. The trial court was entirely right in not applying it in the instant case. Had the point been raised in the first instance, the notice would have been given and a new action with the same result would have shortly been commenced. And the defendants are liable on the note itself if not on the original judgment, and were the point sustained it would only result in directing amendment of the complaint in the second suit and directing the commissioner of banking to allow the amount of the note as a claim instead of the amount of the deficiency judgment.

This we believe sufficiently covers all grounds of error laid by the defendants.

*By the Court.*—The order and judgment of the circuit court are affirmed.