CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Respondent, vs. JOHNS and wife, Appellants.

*March 5—April 1, 1930.*

For the appellants there was a brief by *Stephens & Burns* of Cuba City and *Kopp & Brunckhorst* of Platteville, and oral argument by *L. A. Brunckhorst* and *Dwight S. Stephens*.

*R. M. Orchard* of Lancaster, for the respondent.

Rosenberry, C. J. The trial court was of the opinion, following *Westboro Lumber Co. v. Dibble,* 199 Wis. 350, 226 N. W. 313, it should be held that under the terms of the trust deed the date of maturity of the note might be accelerated. The defendants contend that the contract should be construed according to the laws of the state of Mississippi; the plaintiff contends that it should be construed according to the laws of the state of Alabama. We shall not attempt to determine which law governs. It is conceded that under the law of Wisconsin and Alabama the date of maturity was accelerated by the default of the defendants. As we understand the case of *Caldwell v. Kimbrough,* 91 Miss. 877, 45 South. 7, it sustains the contention of the plaintiff in this case. The language of the trust instrument in this case is almost identical with the provisions of the trust deed in that case, and it was there held that the mortgagor could not, by a tender of the amount of the instalment due after the option had been exercised, defeat the rights of the mortgagee to accelerate the maturity of the instrument. The court said:

"After the failure to pay at maturity had occurred, and the option to declare maturity of the entire debt had been .exercised, the great weight of authority is that it was too late then to tender the amount due under the deed in trust up to the time of the default, and thereby defeat the right to mature the entire debt."

So that whether the contract be construed under the laws of the state of Mississippi or of Alabama or of Wisconsin, the court correctly held that the time of maturity had been accelerated and that the action was not prematurely brought.

It appears by the record in the case that the interest notes falling due subsequent to the time of the trial were presented on the trial of the case. The court rendered an opinion in which it suggested that the notes not yet due should be canceled and surrendered. Apparently through inadvertence the matter was not covered by the formal findings and judgment

and the defendants complain here of error for that reason. The oversight does not appear to have been called to the attention of the trial court. Upon the filing of the *remittitur* the trial court should make an order requiring the plaintiff, as a condition of enforcing the judgment, to cancel and surrender to the clerk of the circuit court the notes in question. Counsel for plaintiff upon the oral argument indicated the willingness of the plaintiff to comply with such order. In view of the fact that the matter was not called to the attention of the trial court and is the result of inadvertence, respondent is entitled to its costs in this court.

*By the Court.*—Judgment affirmed.