## BIGELOW *vs.* BUSH and others.

A mortgagor who is personally liable to the mortgagee for the payment of the debt secured by the mortgage, but who has parted with all his right and interest in the mortgaged premises, is a proper party but not a necessary party to a bill to foreclose the mortgage.

Where the mortgagor has conveyed the equity of redemption absolutely and without warranty, the mortgaged premises are the primary fund for the payment of the mortgage debt; and the grantee has no right to object that the mortgagor is not made a party to the bill of foreclosure.

But where the complainant makes a mere surety of the mortgagor, for the payment of the debt, a party to the bill of foreclosure, for the purpose of obtaining a decree against such surety or his property if the proceeds of the mortgaged premises are found to be insufficient to satisfy the debt and costs, such surety has a right to insist that the principal debtor shall be made a party to the suit, if he is within the jurisdiction of the court.

The fact that the principal debtor is an absentee, and has assigned all his right and interest in the equity of redemption of the mortgaged premises, is a sufficient reason for not making him a party to the bill of foreclosure, even where his surety is made a party for the purpose of obtaining a decree over against such surety for a deficiency.

THE bill in this case was filed to foreclose two mortgages; the first given by Henry Bush to secure the payment of $3000, and interest ; and the last given by O. N. Bush as a collateral security for the payment of the amount secured by the first mortgage. G. A. Avery was made a defendant as a subsequent purchaser of the equity of redemption in the first mortgaged premises ; and the other defendants were made parties as judgment creditors, or as subsequent purchasers from O. N. Bush. It appeared by the bill that Henry Bush resided out of the jurisdiction of the court, in the state of Ohio, and that he had no longer any interest in the mortgaged premises. He was not, therefore, made a party to the suit ; and for that reason the defendants, O. N. Bush and G. A. Avery demurred to the complainant's bill.

*J. Rhoades*, for the complainant. Henry Bush is not a necessary party. He has parted with all his interest in the property, and there can be no more necessity for making him a party than there is of making a mortgagee a party who has assigned his mortgage. (*Whitney* v. *McKinney*, 7 *John. C. R.* 144.) This is not the case of a joint and several bond, which is sometimes given by one as principal and the others as sureties ; in which it has been held that all the obligors ought to be made parties. (*Madox* v. *Jackson*, 3 *Atk.* 406. *Bland* v. *Winter*, 1 *Sch. & Lef.* 249.) Though the contrary was ruled by Lord King in *Collins* v. *Griffith*, (2 *P. W.* 313,) and the rule is dispensed with where the obligor is insolvent. (3 *Atk.* 406. *Augustine* v. *Clark*, 3 *Swanst.* 147, *note.*) And where the case can be decided as between the parties litigant, the circumstance that an interest exists in some other person whom the process of the court cannot reach, as if he be a resident of some other state, ought not to prevent a decree. (*Elmendorf* v. *Taylor*, 10 *Wheat.* 168.) I admit that if Henry Bush was a resident of the state, O. N. Bush being his surety, might insist upon his being made a party.

*S. Stevens*, for the defendants. Henry Bush ought to be made a party defendant to the bill. All persons materially

1857.

Bigelow
v.
Bush.

interested in the subject matter of the suit, either as complainants or defendants, must be made parties. (2 *Paige's Rep.* 18.) Henry Bush is interested in the subject matter of this suit. He is the principal debtor. He may have a defence to this suit, on the ground of payment, usury, &c. And as he is bound to indemnify O. N. Bush and Avery, one as his surety and the other as purchaser, he ought to have an opportunity of being heard. If a decree passes according to the prayer of the bill, a debt is established against Henry Bush, who is not a party and has had no opportunity of being heard in his defence. (*See Johnson* v. *Hart*, 3 *John. Cas.* 322.) Both Avery and O. N. Bush have an interest in having Henry Bush made a party. Co-obligors must, as a general rule, be made parties to a suit upon the joint obligation. (1 *Simons & Stuart*, 246. 16 *Vesey*, 326. 3 *Atk.* 406.) The only exception to this rule is, that an insolvent surety need not be joined. It is no answer to this objection that Henry Bush is not a resident of the state. Ample provision is made in the revised statutes for making non-residents parties.

THE CHANCELLOR. Henry Bush, the first mortgagor, was personally liable to the complainant for the payment of the debt secured by his mortgage ; and, if he had been within the jurisdiction of the court, the complainant might unquestionably have made him a party for the purpose of having a decree over against him for the residue, under the provisions of the revised statutes, in case the proceeds of the mortgaged premises should be insufficient to satisfy the debt and costs. He was, therefore, a proper party, although not a necessary party, to a bill of foreclosure against the grantee of the equity of redemption. In other words, so far as concerns this first mortgage, the complainant might, if he had thought proper, have made the mortgagor a party, for the purpose of having a decree over against him for a deficiency. But the assignee of the equity of redemption, who had no interest whatever in that question, and who could not be in any way benefitted by having him made a party for that purpose, has no right to object that the original

mortgagor is not a party to the suit. So far as the rights of an assignee of the equity of redemption are concerned, the mortgaged premises are the primary fund for the payment of the debt, unless the mortgagor has conveyed to him with warranty ; and the assignee may set up any defence which will be a bar to the complainant's claim against the land.

The claim of O. N. Bush to have the first mortgagor made a party depends upon a different principle. He is, in this case, in the situation of a mere surety for the payment of the debt secured by the first mortgage ; and, if the mortgaged premises are insufficient to pay the debt and costs, H. Bush is, in equity, bound to pay the deficiency, before resort is had to the lands mortgaged by O. N. Bush, or to the surety personally. Had it not been stated in the bill, therefore, that the original mortgagor was beyond the reach of the process of the court, I should have had no hesitation in declaring that the demurrer on the ground that he was not a party, was well taken by O. N. Bush the surety. It remains then to consider the question whether a sufficient excuse is stated in the bill for not making Henry Bush a party to the suit.

Under the provisions of the revised statutes relative to proceedings against absentees, I can see no possible benefit in this case which the surety would obtain by having the absent mortgagor made a party to this bill of foreclosure. The proceeding against a defendant residing out of the state is strictly a proceeding in rem, and will not be binding upon him personally beyond our territorial jurisdiction unless he should think proper voluntarily to appear in the suit. (Story's Confl. of Laws, 458, § 546. Id. 508, § 609.) A decree over against Henry Bush, personally, for the payment of the balance which may remain after applying the proceeds of the premises first mortgaged, would therefore be of no possible use to the surety, or to those claiming under him ; as their rights against the principal debtor will be the same whether he is or is not a nominal party to this suit. For these reasons I think this demurrer is not well taken by either of these defendants. The demurrer as to Avery is clearly

frivolous, as he had no pretence for insisting that H. Bush should be made a party to the suit, so far as related to the proceedings against the mortgaged premises in which Avery was interested. As to the other defendant, however, I cannot say that there was not sufficient doubt on the subject to authorize him to take the opinion of the court upon the question whether the principal debtor ought not to be made a party, as an absentee, although he resides in another state.

The usual order must therefore be entered overruling the demurrer, with costs, and requiring the defendants to pay the costs and put in their answer within twenty days or that the bill be taken as confessed against them.