BORDEN VS. GILBERT and others.

BORDEN
v.
GILBERT et al.

Under the Revised Statutes of 1858, a third party who guaranties the collection of a note secured by a mortgage, is not a proper defendant in a suit for the foreclosure of the mortgage; and it is error to render a personal judgment against him, in such case, for any deficiency which might be found due after the sale of the mortgaged premises.

The holder of the note and mortgage must exhaust his remedies against the mortgagor and the mortgaged property, before he can have a remedy against the guarantor.

APPEAL from the Circuit Court for *Green Lake* County.
*Wheeler & Kimball*, for appellant.
*H. K. Whiton*, for respondent.

May 15.      *By the Court*, COLE, J.  This action was commenced in November, 1859, to foreclose a mortgage.  The mortgage was given by *Gilbert and wife* to their co-defendant, *Jeremiah R. Davis*, to secure the payment of two promissory notes. The complaint states that the notes and mortgage were assigned by *Jeremiah R. Davis* to the respondent; and that the other defendant, *Jeremiah Davis*, for a valuable consideration expressed on the face of an instrument in writing signed by him, guaranteed the collection of the notes. There was no appearance by any of the defendants, and judgment by default was entered for the sale of the mortgaged premises, and also for a personal judgment against the mortgagor, *Gilbert*, the assignor, *Jeremiah R.*, and the guarantor, *Jeremiah Davis*, for any deficiency which might be found due after the security was exhausted.  And the question arising upon the record is: Could the guarantor properly be made a party to the suit for the foreclosure of the mortgage, and was it regular to render a personal judgment against him in that action, for any deficiency which might be found due?  Or, should the respondent have first exhausted his remedy upon the notes and mortgage before he could resort to his action upon the guaranty?  In the case of *Dunkley vs. Van Buren*, 3 Johns. Ch. R., 330, Chancellor KENT stated that a party, on a bill to foreclose a mortgage, was confined in his remedy to the pledge, and that such

a suit was not intended to act *in personam*, and he therefore denied an application to incorporate in the decree a provision that the mortgagor pay any deficiency found due by a given day, or that execution issue against his other property. And it is very obvious that if a bill to foreclose a mortgage had been understood at once to give a remedy *in rem* and *in personam*, the books would not abound with cases where the question has arisen whether a mortgagee could proceed at law upon his bond, at the same time that he was prosecuting his suit in equity, or as to what would be the legal consequences of bringing his action at law after foreclosure, since there would have been no occasion for any such discussion, nor any necessity for an action on the bond. Judgment might have been given against the mortgagor in the chancery suit at the same time that a decree was rendered for the sale of the mortgaged property. It was undoubtedly to obviate this difficulty, and to prevent a multiplicity of suits, that the legislature of New York provided that in a suit to foreclose a mortgage, the court should have power to decree and direct the payment by the mortgagor of any balance of the mortgage debt. 2 N. Y. R. S., 191; 8 Paige, 480. It was also provided that if the debt was secured by the obligation of any other person besides the mortgagor, such person might be made a party to the suit, and that the court might decree payment of the balance of such debt remaining unsatisfied after the sale of the mortgaged premises, as well against such other person as against the mortgagor. Section 154. Under this section it has been held, that a mortgagee who assigns the mortgage and guarantees the principal and interest, is a proper party to the foreclosure suit. *Bristol vs. Morgan*, 3 Edw. Ch. R., 142; *Leonard vs. Morris et al.*, 9 Paige, 90. And where the holder of the mortgage assigned it, and covenanted with the assignee that it was due and collectable, and afterwards took a bond of a third person as security for the mortgage debt, it was held that the assignee was in equity entitled to this security, and that in a suit by him to foreclose, the obligor was properly joined as a defendant, in order that a decree might be made against him for any deficiency after the sale

of the property.   *Curtis et al. vs. Tyler et al.*, 9 Paige, 432. So when the purchaser of a portion of land mortgaged, assumed the whole mortgage, it was decided that the mortgagor was entitled to the benefit of such agreement, and that it was within the equity of the statute to give a decree over for the deficiency, against the third party liable for the payment of the mortgage debt.   *Halsey vs. Reed*, 9 Paige, 446.   See also *Mann vs. Cooper*, 1 Barb. (Ch.), 186 ; *Stone vs. Stienbergh*, id., 250 ; *Bigelow vs. Bush*, 6 Paige, 343 ; *Vanderkemp vs. Shelton*, 1 Clark's Ch. R., 321 ; *Luce vs. Hinds*, id., 453.

Whether in some of the decisions in the above cases the statute was not extended so as to embrace cases not fairly coming within its provisions, we will not stop to inquire.   It is sufficient to say that these provisions of the N. Y. statutes, which were substantially incorporated in chapter 84, R. S., 1849, have been left out of the present revision.   We are therefore to determine whether, in the absence of these provisions, it is regular and proper to make a third person who has guaranteed the collection of the mortgage, a party to the suit to foreclose the mortgage.   We are of the opinion that it is not.   The plain, obvious import of the guarantor's contract is, that he will pay the debt, provided, on due diligence, it cannot be collected out of the mortgagor, or made out of the security.   It is not an absolute promise to pay in the first instance.   The respondent should exhaust his remedy against the mortgagor and the mortgaged property, before he can call upon the guarantor to make good his contract.   The former are the primary sources to which he must look for the payment of his debt.   If they fail or prove inadequate, then the guarantor becomes liable.   It was therefore improper and erroneous to make the guarantor a party to this suit, and to take a personal judgment against him, under the allegations of the complaint.   The respondent should first have exhausted his remedy upon the notes and mortgage, before proceeding against the guarantor *"eremiah Davis.*

The judgment of the circuit court must be reversed, and a new trial ordered.