Cottrell and another vs. The New London Furniture Co. and others.

ᶜCOTTRELL and another, Executors, Respondents, vs. THE NEW LONDON FURNITURE COMPANY and others, Appellants.

*September 25 — October 13, 1896.*

*Mortgage foreclosure: Personal judgment against guarantors for deficiency.*

1. In the absence of some statutory provision to the contrary a mortgagee must exhaust his remedies against both the mortgaged property and the principal debtor before he can proceed against a guarantor.

2. Persons who have guaranteed the collection of a note secured by a mortgage and of all costs thereof are not "personally liable for the debt . . . upon the same contract which the mortgage is given to secure," within the meaning of sec. 3156, R. S., so as to authorize a judgment against them in the foreclosure action for any deficiency which may remain unsatisfied after the security has been exhausted, as provided in said section.

APPEALS from judgments of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

These are appeals from two judgments in an action to foreclose a mortgage. The *New London Furniture Company* made its two several promissory notes to the plaintiffs' decedent for the aggregate sum of $4,500, with interest, and secured the same by a mortgage upon its real estate. The other defendants signed an agreement, which was indorsed upon the back of each note, whereby they did "guarantee the collection of the within note, with all costs thereof." The mortgage was foreclosed. The guarantors were made parties defendant. The complaint asked for judgment against them for any deficiency which should remain after the proceeds of the sale, properly applicable thereto, had been applied to the payment of the sum due upon the notes, and it was so ordered in the judgment which was rendered in the action. The mortgaged premises were sold. The proceeds of the sale were applied — *First*, to the extinguishment of a prior lien upon the premises; and, *next*, to the payment of the sum due upon these notes. After such application there remained a deficiency of $6,235.29. Afterwards and without notice, the court rendered personal judgment for such deficiency, on the foot of the judgment in the original foreclosure action, against the guarantors. These appeals are by the guarantors from that part of the original judgment of foreclosure which ordered judgment against them for the deficiency, and from the judgment for the deficiency itself.

For the appellants there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas* and *F. C. Weed*, and oral argument by *J. G. Flanders*. They argued, among other things, that the appellants were guarantors for collection, not for payment of the notes. The least diligence which the law requires is that the legal remedies against the maker of the note should be exhausted before resorting to the guarantor for collection. *Day v. Elmore*, 4 Wis. 190; *Dyer v. Gibson*, 16 id. 557; *French v. Marsh*, 29 id. 654; *McFarlane v. Mil-*

*waukee*, 51 id. 691. Even the insolvency of the maker does not excuse this measure of diligence. *French v. Marsh*, 29 Wis. 654; *Craig v. Parkis*, 40 N. Y. 181.

*Gerrit T. Thorn*, for the respondents.

NEWMAN, J. The question presented by these appeals is the one question — whether the complaint states a cause of action against the guarantors, such as authorized a personal judgment to be rendered against them in the foreclosure action. It is no doubt settled beyond controversy that a guarantor of the collection of a note or debt does not become liable on his contract of guaranty until the guarantee has exhausted all the remedies which the law gives him for the collection of his debt from the principal debtor without avail. This means the prosecution of a suit against such principal debtor to judgment and execution. The legal remedies are said to be exhausted upon the proper return of / an execution unsatisfied for want of goods whereon to levy. *Day v. Elmore*, 4 Wis. 190; *Dyer v. Gibson*, 16 Wis. 557; *French v. Marsh*, 29 Wis. 649. It is clear that an action at law could not be maintained on this guaranty before the return of an execution unsatisfied. This rule is not questioned. But it is claimed that the rule has no application to a case where the debt is secured also by a mortgage. In that case it is claimed that the guarantor is a proper party to the action to foreclose the mortgage, and liable in such action to a personal judgment in case of a deficiency. But this cannot be true in the absence of some statutory provision to that effect, for in such a case the guarantee must exhaust his remedies against both the mortgaged property and the principal debtor before he can proceed against the guarantor. This was so held in *Borden v. Gilbert*, 13 Wis. 670. But it is claimed that all this is changed, in the case of a debt secured both by a mortgage and a guaranty, by R. S. sec. 3156. This section provides that in all foreclosure ac-

tions the plaintiff may unite with his claim for foreclosure of the mortgage "a demand for a judgment for any deficiency which may remain due to the plaintiff after sale of the mortgaged premises against every party who may be personally liable for the debt secured by the mortgage . . . if upon the same contract which the mortgage is given to secure," and provides for the entry of a personal judgment for any deficiency which may remain after the sale of the mortgaged premises. It is clear that this statute authorizes a judgment for a deficiency against such persons only as are liable for the mortgage debt. The guarantors are liable only according to the terms of their contract. The guarantor's contract is that he will pay the debt in case it cannot by due diligence be collected from the mortgagor, nor made out of the security. *Borden v. Gilbert, supra.* So that until after such remedies as the law gives to the mortgagee have been duly exhausted without avail there is no breach of the contract of guaranty, nor any liability upon it. The statute makes no new rule of liability. It does not on its face purport to make any such change. In order that a statute shall change a common-law liability or create a new one, the intention to work such an effect must appear on the face of the statute itself with some reasonable degree of clearness. These guarantors were not "personally liable for the debt secured by the mortgage," and so were not liable to a judgment for a deficiency in the foreclosure action, because the mortgagee's remedies against the mortgagor had not been exhausted.

*By the Court.*— That part of the foreclosure judgment which orders judgment for a deficiency against the guarantors, and the judgment for the deficiency against them, are reversed.