GETTY v. SCHANTZ et al.

(Circuit Court of Appeals, Seventh Circuit. March 22, 1900.)

No. 642.

1. **GUARANTY—GUARANTOR OF COLLECTION—CONDITION PRECEDENT TO LIABILITY.**

To charge the guarantor of the collection of a note, the holder must show timely and diligent prosecution of the usual legal remedies against the principal debtor, to judgment and execution, without avail.

2. **SAME—RELEASE OF GUARANTORS—DELAY IN PROCEEDING AGAINST PRINCIPAL.**

After the maturity of notes, the collection of which defendants had guarantied, plaintiff commenced a suit in equity to foreclose a mortgage securing such notes, and asked a deficiency judgment therein, which could only be rendered after the mortgaged property had been exhausted. It was 18 months after such suit was commenced before a personal judgment for the deficiency was obtained against the maker, and 18 months thereafter before execution was issued. The pendency of the foreclosure suit would have been no obstacle to an action at law on the notes if no deficiency judgment had been demanded therein. *Held*, that such delay was unreasonable, and operated to discharge the guarantors.

In Error to the Circuit Court of the United States for the Eastern District of Wisconsin.

The facts are correctly stated by counsel for the defendants in error, as follows:

The defendants were sued as guarantors for collection of two notes made by the New London Furniture Company to Horton Cottrell, since deceased. The notes were made April 13, 1889,—one for $2,000, payable June 1, 1892, and the other for $2,500, payable June 1, 1894,—each with interest at 7 per cent., payable annually on the 1st day of June. The contracts of guaranty were written upon the backs of the notes at the time they were made, and the notes were secured by a mortgage upon the real estate of the New London Furniture Company. Each of the notes contained a provision that, upon nonpayment of any installment of interest at the time when due, the whole amount of the note should become due, at the option of the holder. The note for $2,000 fell due June 1, 1892, and was not paid. The installments of interest which fell due on the $2,500 note in 1891, 1892, and 1893 were not paid; and on September 19, 1893, the option above mentioned was exercised, and this note also became due. Afterwards, about the 12th of October, suit was begun in the state court to foreclose the mortgage. The complaint was in the usual form of foreclosure, and asked judgment for deficiency against the principal debtor and the guarantors, all of whom were made parties to the action. There was no appearance in that action by any of the defendants. Judgment of foreclosure and sale was entered November 16, 1893. The judgment also contained an order for a deficiency judgment against all of the defendants in the action. At the commencement of the foreclosure suit the plaintiff held a prior mortgage upon the same property covered by the mortgage above mentioned, which was already in course of foreclosure. The foreclosure of this prior mortgage proceeded to judgment, and the property was sold January 18, 1895, free from the lien of the second mortgage (the mortgage securing the notes in question), upon which also judgment had in the meantime been entered. The sale was confirmed March 15, 1895. The first mortgage was satisfied out of the proceeds, and the surplus, $325.46, was applied upon the mortgage here in question. June 18, 1895, judgment was taken against the maker and guarantors of the notes for $6,277.99, the amount of the deficiency. The guarantors appealed from both the foreclosure and deficiency judgments, and the same were, as to them, reversed. Cottrell v. Furniture Co., 94 Wis. 176, 68 N. W. 874. The plaintiff afterwards, in the latter part of the year 1896, caused execution to issue against the principal debtor,

100 F.—37

which execution was returned unsatisfied January 18, 1897. Another action was then (nearly four years after the notes became due) begun against the guarantors in the same court, in which the issues and questions presented were identical with the issues and questions in this case. That action proceeded to trial, and at the conclusion of the plaintiff's evidence, by which the foregoing facts were developed, the court, upon motion of the defendants, granted a nonsuit on the ground that the plaintiff's own evidence showed conclusively that she had not exercised the proper diligence in exhausting the legal remedies against the principal debtor to charge the guarantors. An appeal was taken by the plaintiff to the highest court of the state. The judgment of the lower court was affirmed. Getty v. Schantz, 101 Wis. 229, 77 N. W. 191. At the close of the trial the court held that there could be no recovery against the defendant guarantors, and directed a verdict in their favor, upon which judgment was entered. The point relied upon to reverse the judgment is that the court erred in directing a verdict for defendants, and in refusing to direct a verdict in favor of the plaintiff below, and against the defendants, upon their guaranty.

W. H. Timlin, for plaintiff in error.

James G. Flanders, for defendants in error.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

BUNN, District Judge, upon the above statement of the case, delivered the opinion of the court.

We think there is no error in the record upon which the judgment can be reversed, and that the instruction of the court directing a verdict in favor of the defendants was correct. The evidence shows conclusively that the plaintiff did not exercise the proper degree of diligence, or any diligence, to charge the guarantors for collection of the note. The guaranty was not one of payment, but for collection, and in such case the timely and diligent prosecution of the principal debtor by the usual legal remedies is a condition precedent to the right to look to the guarantors. Daniel, Neg. Inst. § 1769; French v. Marsh, 29 Wis. 654; Day v. Elmore, 4 Wis. 190; Dyer v. Gibson, 16 Wis. 580; Cottrell v. Furniture Co., 94 Wis. 176, 68 N. W. 874; Bank v. Sloan, 135 N. Y. 371, 32 N. E. 231; Borden v. Gilbert, 13 Wis. 670. A guaranty of the payment of a note is an absolute undertaking on the part of the guarantor, for a valuable consideration, to pay the debt at maturity in case the principal debtor does not; and the guarantee in such case may sue the guarantor at once, if the debt is not paid at maturity. But the contract of guaranty for collection differs from one of payment, in this: that the guarantor undertakes only to pay the debt upon the condition that the guarantee shall diligently prosecute the principal debtors without avail. And this means the prosecution of a suit against the principal debtor to judgment and execution. The legal remedies are only exhausted upon the proper return of an execution unsatisfied for want of goods whereon to levy. Day v. Elmore, 4 Wis. 190; Dyer v. Gibson, 16 Wis. 557; French v. Marsh, 29 Wis. 649; Cottrell v. Furniture Co., 94 Wis. 176, 68 N. W. 874; Borden v. Gilbert, 13 Wis. 670. It was no excuse for not bringing a suit at law upon the notes that a foreclosure proceeding was begun for the foreclosure of the mortgage. Of course, both remedies were

open to the plaintiff. But, by bringing suit to foreclose, a personal judgment for deficiency could only be obtained after foreclosure of the mortgage and sale of the mortgaged property, and that required much time. The first note became due on June 1, 1892, and might have been sued upon. The second became due by the exercise of the option September 19, 1893. Foreclosure suit was begun October 12, 1893, and judgment of foreclosure entered November 6, 1893. The mortgaged property was sold under the prior mortgage January 18, 1895. No sale was ever made under the mortgage securing the notes in question, so that the foreclosure was mainly a nullity. The sale under the first mortgage was confirmed by order of the court on March 15, 1895, that mortgage satisfied, and the surplus of $325.46 was applied on the second mortgage on application of plaintiff. The amount of the deficiency was then determined, but it was not until June 18, 1895, that judgment for deficiency was entered, and no execution was issued until December of 1896. This great delay was caused by the plaintiff's electing to bring suit to foreclose, and trusting to obtain a judgment for any deficiency that might occur at the close of the proceeding, which necessarily took much time, instead of bringing an action at law upon the notes as they became due. And the question is whether this constituted proper diligence, and, as there is no dispute about the facts, the question is one of law; and we are clearly of opinion that the action of the court in directing a verdict was correct, and that due diligence to collect the notes at law was not exercised. The plaintiff's reliance upon the obtaining of a judgment for deficiency at the end of foreclosure proceedings necessarily caused a delay of some 14 months in the obtaining of a personal judgment. This was wholly unwarranted, and had the effect to release the guarantors from their conditional obligation to pay. It was not suing the maker at law within the proper time, and diligently prosecuting the suit to judgment and execution. The proceeding to foreclose, which was a proceeding in equity, accompanied by the statutory privilege of entering up a judgment for deficiency after the sale, did not take the place of a prompt and timely prosecution at law upon the notes. The statute allowing a judgment for deficiency did not change the nature of the foreclosure suit as a proceeding in equity, but was made incident and auxiliary to that proceeding. The provision was intended to make the proceeding in equity more perfect and effective, but does not change, and was not intended to change, the rule or degree of diligence as between the holder and payee of a note and the guarantor for collection. The proceeding to foreclose would have been no obstacle to an action at law on the notes, if the plaintiff had not asked for a deficiency judgment. And the failure to prosecute such action at law had the effect to discharge the guarantors. Getty v. Schantz, 101 Wis. 229, 77 N. W. 191; Witter v. Neeves, 78 Wis. 547, 47 N. W. 938. By demanding a judgment for deficiency in his bill for foreclosure, the plaintiff placed herself in a position where she could not sue at law on the notes. There was no need of this, and the proceeding, while it had the effect to prevent a timely action at law on the notes, was useless

in itself, in view of the former foreclosure. As stated in the opinion of the supreme court of Wisconsin (101 Wis. 235, 77 N. W. 193):

"In the light of the circumstances, the commencement of the foreclosure action cannot be called diligent prosecution of legal remedies. In fact, it was little, if any, better than no action at all. The plaintiff already had a prior mortgage upon the entire property in process of foreclosure and ready for judgment. The mortgage here was the second lien upon the property. Upon a sale under the first mortgage, the surplus could be immediately applied for, and, when obtained, indorsed upon the second mortgage, and thus the security would be exhausted. Thus, the foreclosure of the second mortgage was of no practical use."

And it seems quite clear, whatever else may be said of it, that it constituted no justification for a failure to proceed at law upon the notes. The many months' delay in bringing suit at law was inexcusable, unless it clearly appeared that a proceeding at law would have been of no avail, which is not the case. The presumption is strong, unless the contrary clearly appear, that an action at law might have availed to exonerate the guarantors from their obligation to pay. If the plaintiff could delay 14 months the bringing of suit, there is no reason why she could not for many years. The general rule, no doubt, is that the action should be brought within some short and reasonable time, according to circumstances, and prosecuted, not with the utmost diligence possible, but with that diligence which would be reasonable in the circumstances. Where the courts have undertaken to limit the time, they have usually adopted the rule that the action should be commenced and brought on at the first term of the court after the default in payment. Dillman v. Nadelhoffer, 160 Ill. 121, 42 N. E. 378; Voorhies v. Atlee, 29 Iowa, 49; Craft v. Dodd, 15 Ind. 380. Possibly circumstances might give rise to exceptions to such a rule. Possibly it may be that the reason why suit was not brought at law was that the plaintiff supposed she would collect her debt without resorting to the guarantors, or because plaintiff considered the guarantors liable on their guaranty, for the debt, notwithstanding her default. There was a further delay in entering judgment for deficiency and in issuing execution thereon, which is quite inexcusable. The amount of the deficiency was determined on March 15, 1895. The judgment was entered on June 18th, making a delay of over 3 months, for which no excuse is rendered. After the judgment was entered there was another delay of 18 months before execution was issued, which delay is also wholly unexplained.

Whether this question is not res judicata, in view of the decision of the supreme court of Wisconsin in Cottrell v. Furniture Co., reported in 94 Wis. 176, 68 N. W. 874, we do not find it necessary to determine. The judgment of the circuit court is affirmed.